IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. PD-0025-12 & 0026-12






THE STATE OF TEXAS



v.



MARK STEVEN BELL, Appellee






ON APPELLEE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FOURTEENTH COURT OF APPEALS


HARRIS COUNTY





 Per curiam.


 Appellee was employed by Simon Management Associates as the property manager
for the Galleria Shopping Mall in Houston. He was charged with unauthorized discharge of
industrial waste after a pressure-washing contractor allegedly discharged contaminated water
while cleaning the Galleria Mall's underground parking garages. Appellee filed a motion to
suppress evidence, which the trial judge granted after an evidentiary hearing. 

 According to the trial court's factual findings, Sheree Moore, the owner of a pressure-washing company who worked with police on investigating competing pressure-washing
companies, was acting as an agent of law enforcement when she entered the Galleria
premises on November 1 and November 3, 2006. She entered the Galleria at a time when
it was not open to the public and without the consent of its owner or its management
company. 

 On both occasions, Ms. Moore, after entering without consent, then contacted Sgt.
Walsh of the Houston Police Department and asked him to come to the Galleria "to conduct
further criminal investigation." He did so. He arrived at approximately 5:50 a.m. on
November 1st and 6:00 a.m. on November 3rd. He "did not have a warrant or other authority
to enter or remain on the Galleria Premises. . . . [He] did not have consent to be on the
Galleria Premises from Mark Bell, Simon Property Group, Inc., Mall Management, Mall
Owner, or anyone else with authority to give consent for entry." (1) 

 Based upon these and other factual findings, the trial judge concluded that the two
searches were improper under the Fourth Amendment because both Ms. Moore and Sgt.
Walsh were trespassers upon the property at the time they entered, searched, and seized
evidence from the Galleria premises. 

 The State appealed and, for the first time, raised the issue of appellee's standing to
contest the search, arguing that appellee did not have a "reasonable expectation of privacy"
in the closed Galleria parking lot. The court of appeals, in a per curiam opinion, agreed and
reversed the trial judge's order. State v. Bell, 357 S.W.3d 683, 687 (Tex. App.-Houston [14th
Dist.] 2011) ("[W]e conclude that appellee failed to establish any state or federal constitution
privacy interest.").

 We summarily grant appellee's petition for discretionary review and remand this case
for further consideration in light of the United States Supreme Court's recent decision in
United States v. Jones, (2) in which the Court reaffirmed the continued vitality of the property-based approach to the Fourth Amendment as an alternate to the more recent "expectation of
privacy" approach. (3) The court of appeals, in concluding that Mr. Bell failed to establish his
standing to contest the search of the closed parking lot because he did not have a "reasonable
expectation of privacy" in that lot, did not have the benefit of the Jones case at the time it
rendered its decision. The trial judge, perhaps anticipating Jones, based his findings of fact
and conclusions of law upon the property-based approach of the Fourth Amendment, not the
"reasonable expectation of privacy" approach. The court of appeals should have the
opportunity to reanalyze the standing issue in the context of the property-based approach
discussed in Jones.



 Accordingly, we grant appellee's petition for discretionary review, vacate the
judgments of the court of appeals, and remand these cases to the court of appeals in light of
Jones.

Delivered: May 23, 2012

Publish
1. See generally, 78 A.L.R. 2d 246, Nature of Interest In, or Connection With, Premises
Searched As Affecting Standing to Attack Legality of Search. Sgt. Walsh's report noted that
appellee, on behalf of the management company, signed the contract for the power-washing
contractor, and that "allegations of Bell's criminal conduct are based on the fact that Bell was in
charge." Sgt. Walsh also discussed a meeting that he had in mid-November with appellee
because appellee "was representing" Simon Management. The State agreed that "Appellee
managed the Galleria premises for Simon Management." State's Brief on Direct Appeal at 16.
2. 132 S.Ct. 945 (2012).
3. Id. at 949-50.